IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WANDA C. SHORTER,**

    Petitioner**,**

v.                                              **Civil Action No. 5:20cv45**
                                                        **(BAILEY)**

**WARDEN FCI HAZELTON,**

    Respondent**.**

**REPORT AND RECOMMENDATION**

**I.**     **Introduction**

On March 6, 2020, the petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. [Doc. 1]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned for submission of a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. The matter is before the court for an initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

**II.**     **Background**[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER. See United States v. Shorter, 3:14-cr-00032-JD-CAN-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On March 12, 2014, a four-count Indictment was returned against the petitioner in the United States District Court for the Northern District of Indiana. Count One charged the petitioner with Medicaid Fraud in violation of 18 U.S.C. § 1347. Counts two through Four charged the petitioner with misuse of another's means of identification during and in relation to health care fraud (in violation of 18 U.S.C. §1347) and wire fraud (in violation of 18 U.S.C. § 1343).  Following a four day jury trial, the petitioner was convicted on all four counts.  The petitioner's sentencing hearing was conducted on April 27, 2016, and Judgment was entered on April 28, 2016, which ordered the petitioner committed to the custody of the BOP to be imprisoned for a term of 51 months on Count 1 and 24 months on each of Counts 2, 3, and 4. Counts 2, 3, and 4 were ordered to run concurrently with each other and to run consecutively to Count 1, for a total imprisonment term of 75 months. In addition, upon release from imprisonment, the petitioner was ordered to serve a total term of two years supervised release. Finally, a total assessment of $400 and total restitution of $1,350,284.32 was imposed.

## The Petition

The Petitioner is currently incarcerated at SFF Hazelton and is seeking a judicial order compelling the BOP to transfer her to a Residential Reentry Center and/or home confinement for the statutory 12 months period. In support of her request, the petitioner refers to the Second Chance Act and First Step Act.

### III.     Standards of Review

A. **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief with respect to her request for RRC placement or home confinement.

### IV. Analysis

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(l). The statute provides that those conditions may include confinement in a community correctional facility/community

corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made considering several factors, most of which are identified in 18 U.S.C. 362l (b). See <u>Miller v. Whitehead</u>, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)). The factors identified in 18 3621(b) are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). The Second Chance Act does not alter this rule.

With respect to home confinement, the First Step Act amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238.

4

It is well established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. Olim v. Waukinekona, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC or on home detention prior to her release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

The petitioner makes no claim that the BOP has committed a constitutional violation, and in fact, she makes no allegation that the BOP has denied her RRC placement or a term of home confinement. Rather, the petitioner is requesting that this Court compel the BOP to place her in an RRC and/or Home Confinement for the statutory period of 12 months.[2] This Court does not have to authority to do so.

## VI. Recommendation

Based on the foregoing reasoning, the undersigned recommends that the petition be **DENIED and DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

---

[2] On February 24, 2020, the petitioner filed a motion in her criminal case seeking a non-binding recommendation for 12 months of Home Confinement or Halfway House placement to ensure that she be given the maximum placement in RRC or Home Confinement to advance the goals of the Second Chance Act. The motion was denied on February 28, 2020, with an acknowledgement that the sentencing court was without authority to require the BOP to place the petitioner at a particular facility while she was in the custody of the BOP.

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED:  June 25, 2020

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE